**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Town & Country Partners LLC<br><br><br>Debtor. | **A CHAPTER 11 PROCEEDING**<br><br>Case No. 21-08430<br><br>Judge: Honorable Jacqueline P. Cox<br><br><br><br>*Hearing Date:  August 10, 2021*<br>*Hearing time:   1:00 pm.* |

**NOTICE OF MOTION**

TO: See attached list

    PLEASE TAKE NOTICE that on August 10, 2021 at 1:00 p.m., I will appear before the Honorable Jacqueline P. Cox, or any judge sitting in Judge Cox's place, and present the motion of Town & Country Partners LLC to Set Bar Dates for Filing Proofs of Claims, a copy of which is attached.

    **This motion will be presented and heard electronically using Zoom for Government**. No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

    **To appear by video**, (1) use this link: https://www.zoomgov.com/; (2) Then enter the meeting ID 1612732896; (3) Enter the passcode 778135.

    **To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828- 7666; (2) Enter the meeting ID 1612732896; (3) Enter passcode 778135.

    **When prompted identify yourself by stating your full name**.

    **To reach Judge Cox's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

    **If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of

Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

Respectfully submitted,

Town & Country Partners LLC **(Debtor)**

By: /s/ J. Kevin Benjamin

J. Kevin Benjamin, Esq.
ARDC #: 6202321
Theresa S. Benjamin
ARDC #: 6230425
Benjamin Legal Services PLC
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone:  (312) 853-3100

**CERTIFICATE OF SERVICE**

I, J. Kevin Benjamin, certify that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method indicated on the list on July 20, 2021, after 5:00 pm.

**ELECTRONIC SERVICE LIST**

**(Registrants Served Through the Court's Electronic Notice for Registrants):**

Pursuant to Local Rule 9013-1(D)(4), and in accordance with the Administrative Procedures for the Case Management/Electronic Case Filing System, electronic filing of a document constitutes service on any person who is a Registrant entitled to file documents using the Case Management/Electronic Case Filing System and who has filed a document in the case in electronic format via the System. Any Creditor, Registrant or Party in Interest whom is a registrant with the Bankruptcy Court's Electronic Case Filing system, and has registered to, or is otherwise set to receive notices on this particular matter, will receive an electronic notice upon the filing of this instrument.

**Creditors Served Through the Court's Electronic Notice for Registrants**

Any Creditor, Party in Interest or Registrant whom is registered with the Bankruptcy Court's Electronic Case Filing system and has registered to, or is otherwise set to receive notices on this particular matter, will receive an electronic notice upon the filing of this instrument.

**Notice will be electronically mailed to:**

1

2  Trinitee G. Green on behalf of Creditor Toorak Capital Partners, LLC
3  tggreen@polsinelli.com,  chicagodocketing@polsinelli.com

4  Patrick S Layng
   USTPRegion11.ES.ECF@usdoj.gov
5

6  Jerry L Switzer on behalf of Creditor Toorak Capital Partners, LLC
   jswitzer@polsinelli.com,  chicagodocketing@polsinelli.com,cbrennan@polsinelli.com,dandreac
7  chi@polsinelli.com

8
         **OTHER CREDITORS/PARTIES IN INTEREST**
9

10

11  **Austgen Kuiper Jasaitis P.C.**
    130 North Main Street
12  Crown Point, IN 46307

13  **Cohen Dovitz Makowka**
    10729 W. 159th St.
14  Orland Park, IL 60467

15  **Dynasty Holdings, LLC**
    5403 S. LaGrange Road
16  Countryside, IL 60525

17  **Illinois Department of Revenue**
    Bankruptcy Unit
18  PO Box 19035
19  Springfield, IL 62794-9035

20  **Indian American Water**
    650 Madison Street
21  Gary, IN 46402

22  **Internal Revenue Service**
    Centralized Insolvency Operation
23  PO Box 7346
24  Philadelphia, PA 19101-7346

25  **Jordan and Morgan Estates**
    c/o Carlson Dash
26  216 S. Jefferson Street, Suite 504
    Chicago, IL 60661
27

28  **Jordan and Morgan Estates**

c/o Jason Huff
826 Old Mountain Rd NW
Kennesaw, GA 30152

**Nipsco**
1261 Dakota Street
Gary, IN 46403

**Portgage Utility Services**
6070 Central Avenue
Portage, IN 46368

**Sage Workinger**
c/o Carlson Dash
216 S. Jefferson Street, Suite 504
Chicago, IL 60661

**Triumph Capital Partners LLC**
155 S. Highway 101
Suite 7
Solana Beach, CA 92075

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | <u>**A CHAPTER 11 PROCEEDING**</u> |
| Town & Country Partners LLC | Case No. 21-08430 |
| Debtor. | Judge: Honorable Jacqueline P. Cox |
| | *Hearing Date:  August 10, 2021*<br>*Hearing time:   1:00 pm.* |

<u>**MOTION FOR ENTRY OF AN ORDER (I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, (II), APPROVING THE FORM AND MANNER FOR FILING PROOFS OF CLAIM, AND (III) GRANTING RELATED RELIEF**</u>

*COMES NOW Town & Country Partners LLC* the debtor and debtor in possession herein, (the "<u>Debtor</u>"), by and through his attorneys, J. Kevin Benjamin, Esq., Theresa S. Benjamin, Esq., and the law firm of Benjamin Legal Services, PLC, (collectively "<u>Counsel</u>"), and hereby moves this Honorable Court for an entry of an order (the "<u>Order</u>") *(I) Setting Bar Dates For Filing Proofs Of Claim, (II) Approving The Form And Manner For Filing Proofs Of Claim, and (III) Granting Related Relief* (the "<u>Motion</u>") and pray for the entry of an Order in conformity with the prayer of said Motion. In support of the Motion the Debtor respectfully represents and states to the Court as follows:

**JURISDICTION**

1. The United States Bankruptcy Court for the Northern District of Illinois (the "<u>Court</u>"), has jurisdiction to hear this matter and enter a final order granting the relief requested herein pursuant to 28 U.S.C. §§ 157, 1334; Internal Operating Procedure 15(a) of the United States

5

District Court for the Northern District of Illinois, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

## CORE PROCEEDING

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and (B).

## VENUE

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## PREDICATE FOR RELIEF REQUESTED

4. The statutory predicate for the relief requested herein is pursuant to 11 U.S.C. §§ 501, 502, 503 and 1111(a) of title 11 of the United States Bankruptcy Code, (the "Code"); Fed.R.Bankr.P. 2002(a)(7), 3001, 3002, 3003(c), and 5005(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and rule 5005-3 of the Local Rules for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").

## RELIEF REQUESTED

5. The Debtor seeks the entry of an Order, (a) granting the relief requested herein; (b) establishing a date and time for any non-governmental creditor to file a proof of claim based on a prepetition Claim, including any request for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim") against the Debtor (the "Claims Bar Date"), (c) establishing a date and time for any governmental unit to file a Proof of Claim based on a prepetition Claim against the Debtor (the "Governmental Bar Date,") and together with the Claims Bar Date, the ("Bar Dates"), (d) approving the proposed Proof of Claim Form (as defined herein), and (e) granting any related relief.

## BACKGROUND

6. On July 14, 2021 (the "Petition Date") this case was commenced by the Debtor filing in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, a voluntary petition for relief under Chapter 11 of Title 11 of Code, (the "Case"), [**Dkt. No. 1**].

7. Since the Petition Date, the Debtor continues to manage its affairs, has remained in possession of his assets and has continued in, and does intend to continue in, the possession of all his assets and property, and the management of his affairs, as a debtor-in-possession pursuant to 11 U.S.C. §1107(a) and 1108 of title 11 of the Bankruptcy Code.

8. No party has requested the appointment of a trustee in this Case and there has not been any official unsecured creditors committee (the "Creditors Committee") appointed.

## I.    THE PROPOSED BAR DATES

### A.  The Claims Bar Date

9. The Debtors seek entry of the Order, establishing that Non-Governmental Proof of Claims be required to be filed by any Non-Governmental creditor on or before October 5, 2021, at 5:00 p.m., prevailing Central Time, as the last date and time for each entity to file a proof of claim based on a prepetition claim, against the Debtor as the Claims Bar Date in this chapter 11 case.

10. This Claims Bar Date will be eighty-three (83) days after entry of the Order for relief on the Petition Date, and fifty-six (56) days after entry of the Order as currently proposed to be entered on August 10, 2021 at the hearing on this Motion.

11. The Claims Bar Date would stand as the date by which all entities, (including individuals, partnerships, corporations, joint ventures, and trusts), other than governmental units, holding prepetition claims must file Proofs of Claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, so that the Debtor actually receives the Proofs of Claim by the Claims Bar Date, unless a particular entity's claim falls within one of the exceptions set forth

in this Motion. Subject to those exceptions, the Claims Bar Date would apply to any claim against a Debtor arising, or deemed to have arisen, prior to the Petition Date, including secured claims and unsecured priority and non-priority claims.

### B. The Governmental Bar Date

12. Section 502(b)(9) of the Bankruptcy Code provides that "[a] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the [Bankruptcy Rules] may provide . . . ."

13. The Debtors, accordingly, request that the Court establish January 10, 2022, at 5:00 p.m., prevailing Central Time, as the last date and time for any governmental unit to file a Proof of Claim against a Debtor as the Governmental Bar Date in this chapter 11 case.

14. This Governmental Bar Date would be one hundred-eighty (180) days after entry of the Order for relief on the Petition Date, and one hundred-fifty-three (153) days after entry of the Order as currently proposed to be entered on August 10, 20211 at the hearing on this Motion.

15. The Governmental Bar Date would apply to any governmental unit, holding a claim against the Debtor arising, or deemed to have arisen, prior to the Petition Date, including any governmental unit with a claim against a Debtor for unpaid taxes, (including secured claims and unsecured priority and non-priority claims) whether such claim arose from a prepetition tax period or prepetition transaction to which a Debtor was a party, and would stand as the date by which any governmental unit holding such a claim against a Debtor must file a Proof of Claim so that the debtor actually receives that Proof of Claim by the Governmental Bar Date.

### II. PROPOSED PROCEDURES FOR FILING PROOFS OF CLAIM

### A. Parties Required to Submit Proofs of Claim

16. Except as otherwise set forth in this Motion, the Debtors propose that the following entities holding claims against the Debtors arising prior to the Petition Date must file Proofs of Claim on or before the applicable Bar Date:

> a. any entity whose claim the Debtors did not include in their Schedules or listed as contingent, unliquidated, or disputed if such entity desires to participate in or share in any distribution in this chapter 11 case;
>
> b. any entity that believes the Debtors incorrectly classified its claim in their Schedules or listed its claim at an incorrect amount if such entity desires to have its claim allowed in a different classification or amount other than that identified in the Schedules;
>
> c. any entity that believes that its claim as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed if such entity desires to have its claim allowed against a Debtor other than that identified in the Schedules; and
>
> d. any entity that believes that its claim is or may be an administrative expense entitled to priority under section 503(b)(9) of the Bankruptcy Code.

### B.    Parties Not Required to Submit Proofs of Claim

17. The Debtors propose that the following entities, which would otherwise need to file Proofs of Claim by the applicable Bar Date, need not file Proofs of Claim to the extent such exceptions apply:

> a. any entity whose claim has already been filed through a signed Proof of Claim with the Clerk of the Court in a form substantially similar to the Proof of Claim Form or Official Form 410 and if appropriate B 410A; B410S-1; B410S-2; or any other applicable or appropriate attachment or supplement.
>
> b. any entity whose claim the Debtors have listed on the Schedules if: (i) the claim is not scheduled as "disputed," "contingent," or "unliquidated;" (ii) the entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) the entity does not dispute that its claim is an obligation only of the specific Debtor identified as corresponding to the applicable claim in the Schedules;
>
> c. any entity whose claim the Court has previously allowed;
>
> d. any entity whose claim the Debtors have paid in full in accordance with the Bankruptcy Code or an order of the Court;
>
> e. any entity whose claim asserts a right to payment or performance solely against a non-Debtor affiliate of a Debtor;

f. any entity for whose claim the Court has fixed a separate deadline;

g. any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an administrative expense incurred in the ordinary course; provided, however, that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claim by filing a request for payment or a Proof of Claim by the Claims Bar Date; and

### C.     Form of Proofs of Claim.

18. The Debtors request that the Court approve, a form for filing a Proof of Claim substantially (the "Proof of Claim Form") that is form 410 and if appropriate 410A; 410S-1; 410S-2.

### D.     Requirements for Preparing and Submitting Proofs of Claim

19. With respect to preparing and filing a Proof of Claim, the Debtors propose that each Proof of Claim must be consistent with the following:

a. Contents. Each Proof of Claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b. Section 503(b)(9) Claim. Each Proof of Claim asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must also: (i) include the value of the goods delivered to and received by the Debtors in the twenty (20) days prior to the Petition Date; (ii) attach any documentation identifying the particular invoices corresponding to the asserted 503(b)(9) claim; and, if applicable, (iii) attach documentation of any reclamation demand made to the Debtors under section 546(c) of the Bankruptcy Code.

c. Identification of the Debtor. Each Proof of Claim must clearly identify the Debtor against which the claim is asserted and include the applicable Debtor's case number.

d. Claim against Multiple Debtors. Each Proof of Claim must state a claim against only one Debtor. To the extent the Proof of Claim lists more than one Debtor, the applicable claim may be treated as if filed only against the first-listed Debtor.

e. Supporting Documentation. Each Proof of Claim must include supporting documentation in accordance with Bankruptcy Rules 3001(c)–(d). If, however, such documentation is voluminous, upon prior written consent of Debtors' counsel or proposed counsel, a Proof of Claim may include a summary of the documentation or an

explanation as to why the documentation is unavailable; provided, however, that any creditor receiving written consent must transmit such summary or explanation to Debtors' counsel upon request no later than ten (10) days from the date of that request.

f. Timely Service. All Claims must be filed either electronically via the court's electronic filing system or in writing via U.S. Mail or other hand-delivery system, which Proof of Claim must include an original signature, at the following address so that they are received on or before the expiration of the Bar Dates:

Clerk of the U.S. Bankruptcy Court
219 S. Dearborn Street, Room 710
Chicago, Illinois 60604

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE
OR ELECTRONIC MAIL WILL NOT BE ACCEPTED**

E.    **Consequences of Failing to Timely Submit Proofs of Claim**

20. In accordance with Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity that is required, but fails, to file a Proof of Claim in accordance with the Order on or before the applicable Bar Date will be forever barred, estopped, and enjoined from asserting such claim—including any such claim asserting priority under section 503(b)(9) of the Bankruptcy Code—against the Debtors (or filing a Proof of Claim with respect to that claim), and the Debtors and their property will be forever discharged from any and all indebtedness or liability with respect to or arising from that claim. Moreover, such creditor will be prohibited from voting to accept or reject any plan of reorganization filed in this chapter 11 case, participating in any distribution in this chapter 11 case on account of the applicable claim, or receiving further notices regarding or on account of that claim.

III.    **PROCEDURES FOR PROVIDING BAR DATE NOTICE**

21. The Debtors propose the following procedures for providing mailing notice of the Bar Dates.

A.    **Manner of Service of the Bar Date Order**

22. In accordance with Bankruptcy Rule 2002(a)(7), no later than five (5) business days after entry of the Order, the Debtors propose to cause written notice of the bar dates, by serving on all creditors a copy of the executed Order of this Court determining the bar dates (the "<u>Bar Date Order</u>") to be mailed via first-class mail to the following entities:

    a. the U.S. Trustee;

    b. all persons or entities that have requested notice of the proceedings in this chapter 11 case in accordance with Bankruptcy Rule 2002;

    c. all persons or entities that have filed Proofs of Claim against the Debtors;

    d. all known creditors and other holders of claims against the Debtors as of the date of entry of the Order, including all entities listed in the Schedules as holding claims against the Debtors;

    e. all entities that are party to executory contracts and unexpired leases with the Debtors as of the Petition Date, as identified in the Schedules;

    f. all entities known as of the date of entry of the Order that are party to, or have threatened, litigation with the Debtors;

    g. the Internal Revenue Service; and

    h. the Illinois department of Revenue

### B.    Supplemental Mailings

23. After the initial mailing of the Bar Date Order, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that: (a) the post office returns a notice with a forwarding address; (b) a party acting on behalf of parties in interest (e.g., a trustee and agent with respect to noteholders) declines to pass along notice to any such party in interest and instead returns names and addresses to the Debtors for direct mailing; or (c) any additional potential claimant becomes known. In this regard, the Debtors request that the Court permit them to make supplemental mailings of the Bar Date Order in these and similar circumstances at any time up to twenty-eight (28) days in advance of the Claims Bar Date and deem such mailings

timely, with the Claims Bar Date (or other bar date, as applicable) applying to the recipient creditors.

## IV.    REASON FOR REQUESTED RELIEF

24. The Debtor requires a date by which claims must be filed in order to proceed with filing a Disclosure Statement, Chapter 11 Plan, and ultimately to obtain confirmation of the Chapter 11 Plan and then to the filing of a final Accounting and Final Decree in the instant matter.

## V.    AUTHORITY FOR THE RELIEF REQUESTED

25. Ample Authority Exists to Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in this Chapter 11 Cases.

26. Any creditor whose claim is not scheduled in the Debtor's schedules or whose claim is scheduled as disputed, contingent, or unliquidated, must file a proof of claim. Fed. R. Bankr. P. 3003(c)(2). A bankruptcy court sets the time within which these proofs of claim must be filed in a chapter 11 case pursuant to Fed. R. Bankr. P. 3003(c)(3). The Local Rules for the United States Bankruptcy Court for the Northern District of Illinois do not specify a time by which proofs of claim must be filed in chapter 11 cases, except as provided by section 502(b)(9) of the Bankruptcy Code for governmental units.

27. Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim in accordance with Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which claimants must file proofs of claim in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

28. Bankruptcy courts in this district regularly grant the relief requested in this Motion as to the Bar Dates. See, e.g., In re ITR Concession Co., No. 14-34284 (PSH) (Bankr. N.D. Ill. Oct. 2, 2014) (approving a general claims bar date approximately 46 days after entry of the order); In re Edison Mission Energy, No. 12-49219 (JPC) (Bankr. N.D. Ill. Apr. 10, 2013) (68 days); In re Shorebank Corp., No. 12-00581 (ABG) (Bankr. N.D. Ill. Jan. 12, 2012) (46 days); In re Clare Oaks, No. 11-48903 (PSH) (Bankr. N.D. Ill. Dec. 13, 2012) (40 days); In re Corus Bankshares, Inc., No. 10-26881 (PSH) (Bankr. N.D. Ill. July 9, 2010) (35 days).

29. Claims bar dates play an essential role in the twin goals of bankruptcy: preserving a debtor's going-concern value and maximizing property available to satisfy creditors. See Bank of Am. Nat'l Trust & Savs. Ass'n v. 203 N. LaSalle St. P'ship, 526 U.S. 434, 453 (1999). A claims bar date allows the debtor and parties in interest to expeditiously determine and evaluate the liabilities of the estate. The absence of this deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by a debtor in connection with the claims-reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law: "efficient administration of the case and effective resolution of disputes." See In re J.S. II, L.L.C., 389 B.R. 563, 566 (Bankr. N.D. Ill. 2008).

30. Such deadlines promote the effective and efficient administration of a bankruptcy case, as well as the prompt resolution of disputes. See In re Nat'l Steel Corp., 316 B.R. 510, 514 (Bankr. N.D. Ill. 2004) ("[F]ixing a bar date is not merely a routine step, but rather it promotes efficiency in the reorganization process by promptly identifying claims that the plan must consider for the Debtor and other plan proponents.") (citations omitted); see also In re J.S. II, L.L.C., No. 07-3856, 2008 WL 1848663, at *2 (N.D. Ill. Apr. 16, 2008).

31. The Debtors' prospects for confirming a viable plan of reorganization will depend, at least in part, on certainty regarding the scope and size of claims that creditors may assert against

14

the Debtors' estates. Moreover, the likelihood of confirming a plan of reorganization that can garner the support of the Debtors' key stakeholders could face significant delay or uncertainty if the Debtors do not have the benefit of analyzing the number and amount of claims following the occurrence of a bar date. The relief requested in this Motion, therefore, forms a critical component of ascertaining the full nature, extent, and scope of the claims asserted against the Debtors and their estates.

**VI. THE PROPOSED NOTICE PROCEDURES ARE REASONABLE AND APPROPRIATE**

32. Bankruptcy Rule 2002(a)(7) requires that debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).

33. In conjunction with setting deadlines to file Proofs of Claim, the Debtors will give appropriate notice to interested parties. The Debtors propose to mail the Bar Date Order to their known creditors. Consequently, the Debtors submit that their proposed notice procedure will ensure that the Bar Dates will leave the rights of claimants unimpaired while facilitating the expeditious administration of their estates.

34. The Debtors submit that the relief requested herein provides for clear notice of the Bar Dates (and other bar dates as set forth herein) in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, to the extent the Claims Bar Date is established, the Debtors intend to (a) cause the Bar Date Order to be mailed no than five (5) business days after entry of the Order.

35. By establishing the Bar Date in accordance with the provisions set forth in this Motion, all claimants will have at least 21 days' actual or constructive notice of the Claims Bar Date, thereby satisfying Bankruptcy Rule 2002(a)(7). Additionally creditors will have ample time to

review the Schedules, reconcile the information contained in the Schedules with their own books and records, and, if necessary, prepare and file Proofs of Claim.

36. Accordingly, the Debtors respectfully submit that the Bar Dates and the form and manner of providing notice of the Bar Dates are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

### VII. RESERVATION OF RIGHTS

37. Nothing contained in this Notice is intended, or should be construed, as an admission as to the validity of any claim against the Debtor, or an approval or assumption of any agreement contract, or lease under section 365 of the Bankruptcy Code, or as a waiver of the Debtors' right to: (a) dispute any claim, or assert offsets or defenses against, any filed Proof of Claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, classification, or otherwise of such claims; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated, or any combination thereof; and (c) otherwise amend or supplement the Schedules.

### VIII. NOTICE

38. The Debtors have provided notice of this Motion to the entities on the Service List. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

### IX. NO PRIOR REQUEST

39. No prior motion for the relief requested in this Motion has been made to this or any other court.

**WHEREFORE**, the Debtor respectfully prays this Honorable Court for the entry of an order substantially as proposed in the form attached to this Motion; (a) granting the relief requested herein; (b) establishing a date and time for any non-governmental creditor to file a

proof of claim based on a prepetition Claim, including any request for payment under section 503(b)(9) of the Bankruptcy Code (collectively, "Proofs of Claim") against the Debtor (the "Claims Bar Date"), (c) establishing a date and time for any governmental unit to file a Proof of Claim based on a prepetition Claim against the Debtor (the "Governmental Bar Date,") and together with the Claims Bar Date, the ("Bar Dates"), (d) approving the proposed Proof of Claim Form (as defined herein), and (e) granting such other, further, additional, related or alternative relief that this Court deems appropriate, just and proper under the circumstances.

Dated this 20th Day of July, 2021                    Respectfully submitted,

                                        **TOWN & COUNTRY PARTNERS LLC**
                                        **(Debtor and Debtor in Possession)**

                                          By: /s/ J. Kevin Benjamin
                                    Proposed Attorney for the Chapter 11 Estate

J. Kevin Benjamin, Esq.
(ARDC No. 6202321)
Theresa S. Benjamin, Esq.
(ARDC No. 6230425)
Benjamin Legal Services, PLC
1016 West Jackson Blvd.
Chicago, Illinois 60607-2914
Phone:  (312) 853-3100