**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 21-08430 |
| Town & Country Partners LLC, | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | **Date:  April 12, 2022** |
| | ) | **Time: 1:00 p.m.** |

**NOTICE OF TRUSTEE'S MOTION AUTHORIZING AND APPROVING (I) THE SALE OF THE SUBSTANTIALLY ALL OF THE DEBTOR'S REAL ESTATE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS, AND (II) RELATED RELIEF**

TO:  **SEE ATTACHED SERVICE LIST**

**PLEASE TAKE NOTICE** that on **Tuesday, April 12, 2022 at 1:00 p.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox, or any judge sitting in her stead, and present the **Motion Authorizing and Approving (I) The Sale of the Substantially all of the Debtor's Real Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (II) Related Relief**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, (1) use this link: https://www.zoomgov.com/.  (2) Enter the meeting ID 1612732896. (3) Enter the passcode 778135.

**To appear by telephone**, (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. (2) Enter the meeting ID 1612732896. (3) Enter passcode 778135.

**When prompted identify yourself by stating your full name.**

**To reach Judge Cox's web** page go to www.ilnb.uscourts.gov and click on the tab for Judges.

**If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may call the matter regardless.

Dated: March 22, 2022

**N. Neville Reid, not individually, but solely in his capacity as the chapter 11 trustee for the bankruptcy estate of Town & Country Partners LLC**

*By:* ___ */s/ Kenneth M. Thomas*
Fox Swibel Levin & Carroll LLP,
General Bankruptcy Counsel to
the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fx:  312.224.1201

## CERTIFICATE OF SERVICE

I, Kenneth M. Thomas, certify that on or before March 22, 2022, I caused a copy of the foregoing **Notice of Trustee's Motion Authorizing and Approving (I) The Sale of the Substantially all of the Debtor's Real Estate Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (II) Related Relief**, to be filed electronically, with a copy of same being served upon the parties listed on the attached Service List by the Court's ECF filing system, and as otherwise indicated.

_____ */s/ Kenneth M. Thomas* _____
Kenneth M. Thomas

## SERVICE LIST

Patrick S Layng, *U.S. Trustee*
USTPRegion11.ES.ECF@usdoj.gov

Jeffrey L. Gansberg, *Office of the U.S. Trustee*

4347789 v1 - 08036 / 002

jeffrey.l.gansberg@usdoj.gov

J Kevin Benjamin, Esq., *Counsel to the Debtor*
attorneys@benjaminlaw.com

Theresa S. Benjamin, Esq., *Counsel to the Debtor*
theresa@benjaminlaw.com

Trinitee G. Green, *Counsel to Creditor Toorak Capital Partners, LLC*
tggreen@polsinelli.com

Jerry L Switzer, *Counsel to Creditor Toorak Capital Partners, LLC*
jswitzer@polsinelli.com

Martin J Wasserman, *Counsel to Creditors Jordan & Morgan Estates LLC and Sage Workinger*
mwasserman@carlsondash.com

**Party to receive notice via postage-prepaid first-class U.S. mail:**

**Town & Country Partners LLC**
9501 W. 144th Place
Suite 304
Orland Park, IL 60462

| | |
|---|---|
| 110th & Halsted Credit Union<br>c/o Sorman Frankel Ltd<br>180 N. LaSalle Street, Suite 2700<br>Chicago, IL 60601 | Aaron Harris<br>9129 S. Paulina Street<br>Chicago, IL 60620-5556 |
| Austgen Kuiper Jasaitis P.C.<br>130 North Main Street<br>Crown Point, IN 46307-4063 | Cohen Dovitz Makowka<br>10729 W. 159th St.<br>Orland Park, IL 60467-4531 |
| David P. Leibowitz, as Trustee for Chapter 7<br>Estate of Aaron Harris<br>3438 N. Elaine Place, Unit 4<br>Chicago, IL 60657 | Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Dynasty Holdings, LLC<br>5403 S. LaGrange Road<br>Countryside, IL 60525 | Indian American Water<br>650 Madison Street<br>Gary, IN 46402 |
| Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Jordan and Morgan Estates<br>c/o Carlson Dash<br>216 S. Jefferson Street, Suite 504<br>Chicago, IL 60661 |
| Jordan and Morgan Estates | Northern Indiana Public Service Company |

| | |
|---|---|
| c/o Jason Huff<br>826 Old Mountain Rd NW<br>Kennesaw, GA 30152 | NIPSCO<br>1261 Dakota Street<br>Gary, IN 46403 |
| Northern Indiana Public Service Company<br>NIPSCO<br>801 E. 86th Ave<br>Merrillville, IN 46410 | Pinnacle Asset Management, LLC<br>9501 W. 144th Place, Suite 304<br>Orland Park, IL 60462 |
| Portage Utility Services<br>6070 Central Avenue<br>Portage, IN 46368 | Sage Workinger<br>Martin J Wasserman /Carlson Dash<br>216 S. Jefferson Street, Suite 504<br>Chicago, IL 60661 |
| Toorak Capital Partners<br>15 Maple Street<br>Summit, NJ 07901 | Toorak Capital Partners LLC<br>c/o Hammerschmidt, Amaral & Jonas<br>137 N. Michigan St.<br>South Bend, IN 46601-1603 |
| Toorak Capital Partners LLC<br>c/o Trinitee G. Green<br>Polsinelli PC<br>150 N. Riverside Plaza, Suite 3000<br>Chicago, IL 60606 | Triumph Capital Partners LLC<br>155 S. Highway 101<br>Suite 7<br>Solana Beach, CA 92075-1800 |
| Warburg Equities LLC<br>6101 Canden Avenue<br>Portage, IN 46368 | Porter County Treasurer<br>155 Indiana Ave Suite 209<br>Valparaiso, IN 46383 |
| Sue Lynch<br>Office of the Mayor<br>6070 Central Avenue<br>Portage, IN 46368 | Dan Whitten<br>Whitten & Whitten<br>6183 Central Ave.<br>Portage, IN 46368 |
| Todd Rokita<br>Attorney General<br>Office of the Indiana Attorney General<br>Indiana Government Center South<br>302 W. Washington St., 5th Floor<br>Indianapolis, IN 46204 | Commissioner Jeff Good<br>155 Indiana Avenue<br>Suite 205<br>Valparaiso, IN 46383 |
| Commissioner Laura Shurr Blaney<br>155 Indiana Avenue<br>Suite 205<br>Valparaiso, IN 46383 | Commissioner Jim Biggs<br>155 Indiana Avenue<br>Suite 205<br>Valparaiso, IN 46383 |
| Scott McClure<br>Portage Professional Center<br>3200 Willowcreek Road, Suite A | Michelle Clancy<br>Porter County Treasurer<br>155 Indiana Avenue |

4347789 v1 - 08036 / 002

| Portage, Indiana 46368 | Suite 205<br>Valparaiso, IN 46383 |
| --- | --- |

4347789 v1 - 08036 / 002

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 21-08430 |
| Town & Country Partners, LLC, | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | **Date:  April 12, 2022** |
| | ) | **Time: 1:00 p.m.** |

**TRUSTEE'S MOTION AUTHORIZING AND APPROVING (I) THE SALE OF
SUBSTANTIALLY ALL OF THE DEBTOR'S REAL ESTATE ASSETS FREE AND
CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS,
AND (II) RELATED RELIEF**

N. Neville Reid, not individually, but solely in his capacity as chapter 11 trustee (the

"Trustee") for the bankruptcy estate (the "Estate") of Town & Country Partners, LLC (the

"Debtor"), by and through his counsel, Fox Swibel & Levin & Carroll LLP ("FSLC"), pursuant

to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and

Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), moves for

the entry of an order substantially in the form attached as **Exhibit A**: authorizing the Estate to

sell its real estate located in Portage, Indiana commonly known as Town & Country Apartments

to Peerless Development, LLC (the "Buyer") free and clear of all liens, claims, encumbrances

and interests, as will be more fully set forth in the purchase and sale agreement once finalized

and fully executed (the "PSA"), outside the ordinary course of business (the "Motion").[1]  In

support of the Motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1.       The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and Internal Operating Procedure 15(a) of the United States District Court for the Northern

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Cash Collateral Order.

District of Illinois. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper

before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are sections 105(a) and 363

of the Bankruptcy Code and Bankruptcy Rule 6004.

## **RELEVANT BACKGROUND**

3.      The Debtor owns two non-contiguous parcels of real estate in Portage, Indiana,

which includes 100 residential apartment units, contained within 17 buildings, as well as

approximately 100 surface parking spaces and the underlying parcels of land (the "Property"),

located at 2400 Dixie Drive, Portage, Indiana and 6021 Canden Avenue, Portage, Indiana and

which together are commonly known as Town & Country Apartments.

4.      On July 14, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for

relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

Northern District of Illinois (the "Court").

5.      On September 21, 2021, counsel for the Office of the United States Trustee filed a

Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Convert Case to One Under

Chapter 7 [Docket No. 37].

6.      On October 13, 2021, the Court entered its Order Granting the United States

Trustee's Motion to Appoint Chapter 11 Trustee, or, in the alternative, Convert Case to One

Under Chapter 7 and Appointing Chapter 11 Trustee [Dkt. No. 56].

7.      On October 26, 2021, the Court entered its Order Granting U.S. Trustee's Motion

to Approve the Appointment of a Chapter 11 Trustee [Dkt. No. 58], appointing N. Neville Reid

as the Chapter 11 Trustee for the Estate.

8.      On December 6, 2021, the Court entered the *Agreed Final Order (A) Authorizing*

*Chapter 11 Trustee to Use Cash Collateral, (B) Authorizing Chapter 11 Trustee to Obtain*

*Postpetition Financing, (C) Granting Adequate Protection, and (D) Granting Related Relief*

[Dkt. No. 75] ("Cash Collateral Order") which, among other things, sets certain milestones

related to the marketing and sale of the Property and provides postpetition financing to the

Estate.

9.      Under the Cash Collateral Order, the Trustee acknowledges, among other things,

(a) the allowed claim set forth in the Proof of Claim (No. 2) (the "POC") of Toorak Capital

Partners LLC (the "Lender") asserted in the amount of $9,467,859.51, exclusive of certain costs,

expenses, and attorneys' fees incurred by the Lender as of the Petition Date, (b) that no objection

to the Lender's POC has been filed, and (c) the existing indebtedness owing by the Estate to

Lender constitutes a legal, valid, binding, and enforceable obligation and that the related Loan

Documents are valid and enforceable against Debtor in accordance with their terms, and the

Prepetition Liens of Lender in, to, and against all of the Collateral are valid, enforceable,

properly perfected, and first priority liens.

10.      Under the terms of the Cash Collateral, the Trustee Review Period Expiration

Date of February 7, 2022 has passed, and, thus, the Lender's claim is deemed allowed and the

Lender holds a first lien on the Property.

11.      On November 9, 2021, the Court entered its Order Granting Application to

Employ 33 Realty, as Property Manager and Broker Retroactive to October 26, 2021 [Dkt. No.

71].

12.      To prepare for the sale contemplated by the Cash Collateral Order, the Trustee,

along with 33 Realty, prepared the Property to be marketed for sale. Specifically, their initial sale

process efforts included updating the rent roll, reviewing each apartment on the Property, and

beginning the process of transitioning out non-paying tenants.

13.      Thereafter, 33 Realty marketed the Property to potential buyers on a local and

3

national basis in the following manner:

a.  <u>Marketing Phase</u>.  On or about January 31, 2022, 33 Realty launched its marketing effort to solicit potential buyers.

b.  <u>Marketing Results Summary</u>.  As a result of 33 Realty's marketing efforts: 19 potential buyers signed confidentiality agreements to obtain additional information about the Property, and 21 potential buyers toured the Property.

c.  <u>Call for Offers</u>.  By March 11, 2022, 33 Realty had received 12 offers. 33 Realty, upon consultation with the Trustee and the Lender, determined that 5 parties would be invited to participate in a final round of bidding (the "<u>Best and Final Round</u>").

d.  <u>Best and Final Round</u>.  33 Realty set a deadline for the Best and Final Round bid for March 18, 2022.  The parties invited to participate in the Best and Final Round were asked to: (1) submit hard bids that were not subject to a due diligence condition, and (2) provide comments in redline to the form purchase agreement so the Trustee's counsel can easily evaluate any differences.

e.  <u>Selection of Best Offer</u>.  After the Best and Final Round, the Trustee, his legal counsel, and 33 Realty analyzed all of the potential buyers' offers.  The Trustee selected the Buyer's offer for $9.165 million, a close date 5 days following entry of a final order approving the sale, and no financing contingency.

14.  The significant terms of the PSA are as follows[2]:

a.  <u>Sale of the Property</u>.  The Trustee will sell the Debtor's ownership in the Property to the Buyer.

b.  <u>Purchase Price</u>.  The purchase price for the Property is $9,165,000.00.

c.  <u>Due Diligence</u>.  Buyer completed its opportunity to conduct Due Diligence prior to the filing of this Motion.

15.  While the PSA is substantially finalized, it has not yet been executed

by the Trustee and the Buyer.  The Trustee will file a fully executed PSA once it has been

finalized.

---

[2] In the event of a discrepancy between the summary set forth in this Motion and the terms of the PSA, the PSA shall control.

## RELIEF REQUESTED

16.     By this Motion, the Trustee seeks the entry of an order substantially in the form attached hereto as Exhibit A, authorizing and approving:

a.      the Trustee to sell the Property to the Buyer free and clear of all liens, claims, rights, and encumbrances pursuant to Bankruptcy Code section 363(f), with such liens, claims, rights and encumbrances to attach to the proceeds of such sale;

(b)     Subject to the express terms of the Cash Collateral Order,[3] the payment of the following amounts, at closing, from the sale proceeds:

(i)      all necessary and appropriate closing costs incurred and payable on account of or relating to the sale of the Property;

(ii)     all outstanding real estate taxes constituting a lien against the Property accrued or accruing through the date of the closing;

(iii)    all outstanding Postpetition Advances owed to the Lender, including interest thereon, made by the Lender to the Trustee through the date of closing, as authorized and required by paragraph 19 of the Cash Collateral Order;

(iv)    the full amount of the Trustee's statutory commission fee under Section 326 of the Bankruptcy Code, pursuant to paragraph 22 of the Cash Collateral Order, to be held by the Trustee pending approval of the statutory commission fee by further order of the Court;[4]

(v)     the amount necessary to fund any remaining amount of the Carve-out under paragraph 22 of the Cash Collateral Order, and any amount of the Unsecureds Carve-Out under paragraph 22(e) of the Cash Collateral Order; and

(vi)    the balance of the sale proceeds to be paid to the Lender in partial satisfaction of the Lender's allowed POC; and

(c)     the effectiveness of the Sale Order immediately upon entry thereof, notwithstanding Bankruptcy Rule 6004(h)

## BASIS FOR RELIEF

---

[3] To the extent of any inconsistencies between the Cash Collateral Order and this Motion, the Cash Collateral Order shall control.

[4] As set forth in paragraph 22 of the Cash Collateral Order, the Trustee has agreed to contribute to the Unsecureds Carve-Out the Trustee Contribution Amount, which shall be comprised of $30,000 solely from the Trustee's commission earned pursuant to Bankruptcy Code section 326.

17.     Section 363 of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." *See* 11 U.S.C. § 363(b). Courts generally approve sales outside of the ordinary course of business under 11 U.S.C. § 363(b)(1) whenever the sale is in the best interests of the estate. *See In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1994); *In re Apex Oil Co.,* 92 B.R. 847, 866 (Bankr. E.D. Mo. 1988). Ordinarily, this standard requires an articulated business justification for the sale and evidence that the sale occurred in good faith. *See, e.g., In re Shary*, 152 B.R. 724, 725 (Bankr. N.D. Ohio 1993) (citing *In re Met-L-Wood Corp.*, 861 F.2d 1012 (7th Cir. 1988), *cert. denied*, 490 U.S. 1006, 109 S. Ct. 1642, 104 L.Ed.2d 157 (1989)); *Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991) (sale under section 363 involves exercise of fiduciary duty and requires an "articulated business justification"). Additionally, courts generally require that adequate and reasonable notice of the sale be provided to interested parties, and that the purchase price be fair and reasonable. *See In re Delaware & Hudson Rwy. Co.*, 124 B.R. 169, 176 (D. Del. 1991); *In re Taylor*, 198 B.R. 142, 156-57 (Bankr. D. S.C. 1996); *In re Country Manor of Kenton, Inc.*, 172 B.R. 217, 220 (Bankr. N.D. Ohio 1994).

18.     A use, sale, or lease of a debtor's assets should be authorized pursuant to Bankruptcy Code section 363 if a sound business purpose exists for doing so.  *See, e.g., Fulton State Bank v. Schipper*, 933 F.2d 513, 515 (7th Cir. 1991); *Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1070 (2d Cir. 1983); *In re Telesphere Communications, Inc.*, 179 B.R. 544, 552 (Bankr. N.D. Ill. 1999).

19.     Once a trustee articulates a valid business justification, the business judgment rule applies to his decision.  The business judgment rule 'is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest

belief that the action was in the best interests of the company." *In re S.N.A. Nut Company*, 186

B.R. 98, 102 (Bankr. N.D. Ill. 1995); *In re Integrated Resources, Inc.*, 147 B.R. 650, 656

(S.D.N.Y. 1992); *In re Johns-Manville Corp.*, 60 B.R. 612, 615-16 (Bankr. S.D.N.Y. 1986) ("A

presumption of reasonableness attaches to a Debtor's management decisions.").

20.     Indeed, when applying the "business judgment" rule, courts show great deference

to trustees' decision-making. *See Summit Land Co. v. Allen* (In re Summit Land Co.), 13 B.R.

310, 315 (Bankr. D. Utah 1981). Thus, this Court should grant the relief requested in this Motion

if the Trustee demonstrates a sound business justification. *See Schipper*, 933 F.2d at 515; *In re

Lionel Corp.*, 722 F.2d at 1071.

21.     Sound business justifications for pursuing a sale of the Property exist in this case.

First, the Trustee has concluded that, based on the advice of his professionals, the Property does

not presently generate enough cash flow to cover the recurring expenses necessary to maintain it.

Therefore, selling the Property is the best means of maximizing its value for the Estate.

22.     Second, the purchase price for the Property is fair and reasonable.  The sale

process that included a local and national marketing process and purchase offers from many

potential buyers, resulted in a fair market price for the Property.

23.     Any and all parties or entities with liens or encumbrances on the Property,

including Lender and Indiana property taxing authorities, have been given notice hereof and are

not expected to object to the proposed sale.  To the extent they do not object, they will be

deemed to have consented to the sale for purposes of Section 363(f)(2), in which case the

proposed sale of the Property may be approved free and clear of their respective interests and

liens.

24.     The proposed order contains a finding that the Buyer is a "good faith" purchaser

in accordance with section 363(m) of the Bankruptcy Code. A good faith purchaser is defined as

"one who purchases in 'good faith' and for 'value.'" *Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs.* (In re Colony Hill Assocs.), 111 F.3d 269, 276 (2d Cir. 1997) (citing *Cumberland Farms Dairy, Inc. v. National Farmers' Org.* (In re Abbotts Dairies of Penn., Inc.), 788 F.2d 143, 147 (3d Cir. 1986)); *See also Ewell v. Diebert* (In re Ewell), 958 F.2d 276, 281 (9th Cir. 1992); *Badami v. Burgess* (In re Burgess), 246 B.R. 352, 355-56 (8th Cir. BAP 2000).

25.       As described above, the Trustee and his professionals ran a competitive bidding process, and the Buyer is a good faith purchaser for fair value. Accordingly, the Court should determine that the Buyer is a good faith purchaser within the meaning of section 363(m) of the Bankruptcy Code.

26.       In 363 sales generally, Bankruptcy Rule 6004(h) dictates that all orders authorizing the sale of property pursuant to Section 363 of the Bankruptcy Code are automatically stayed for fourteen (14) days after entry of the order unless the court orders otherwise.  Pursuant to certain milestones in the Cash Collateral Order, the Trustee intends to close the sale as soon as possible after the sale hearing. Therefore, the Trustee requests that the Court waive the 14-day stay period for this proposed sale, under Bankruptcy Rule 6004(h).

**[THE REMAINDER OF THIS PAGE IS INTENTIONALLY LEFT BLANK]**

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form attached hereto, as **Exhibit A** granting this Motion, such other and further relief as is just and proper.

Dated: March 22, 2022                    Respectfully submitted,

**N. NEVILLE REID, not individually, but solely in his capacity as the chapter 11 trustee for the bankruptcy estate of Town & Country Partners LLC.**

*By:*    */s/ Kenneth M. Thomas*
           Fox Swibel Levin & Carroll LLP, as
           Proposed General Bankruptcy Counsel to
           the Trustee

N. Neville Reid (ARDC #6195837)
Ryan T. Schultz (ARDC #6288585)
Kenneth M. Thomas (ARDC #6324750)
**FOX SWIBEL LEVIN & CARROLL LLP**
200 West Madison Street, Suite 3000
Chicago, IL  60606
Ph:  312.224.1200
Fax:  312.224.1201

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 21-08430 |
| Town & Country Partners, LLC, | ) | |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |

**ORDER AUTHORIZING SALE OF THE DEBTOR'S REAL ESTATE ASSETS
OUTSIDE THE ORDINARY COURSE OF BUSINESS**

Upon consideration of the Motion of N. Neville Reid, not individually, but solely in his

capacity as chapter 11 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Town &

Country Partners, LLC (the "Debtor"), for the entry of an order authorizing and approving: (i)

the sale of substantially all of the Debtor's real estate assets free and clear of all liens, claims,

encumbrances, and other interests (the "Property"), and (ii) related relief (the "Motion");[1]

pursuant to which the Trustee proposes to sell the Property to Peerless Development, LLC (the

"Buyer") on the terms set forth in the purchase and sale agreement (the "PSA" or the "Sale" and

the proceeds thereof the "Sale Proceeds"); the Court having received sufficient information in

order to find that (i) the PSA represents the highest or otherwise best offer for the Property, and

(ii) the Buyer is a "good faith purchaser" for purposes of Section 363(m) of the Bankruptcy

Code, adequate notice of the Motion, and the Court having considered and overruled any and all

objections to the Motion and the Sale and determined that the Sale is in the best interests of the

Debtor, the Estate and its creditors and other parties in interest;

---

[1] Capitalized terms used, but not otherwise defined, herein shall have the meaning ascribed to such terms in the
PSA (as defined below), or, if not defined therein, in the Motion.

## THE COURT HEREBY FINDS THAT:[2]

A.      The findings and conclusions set forth on the record of the hearing on April 12,

2022 and the findings and conclusions set forth herein constitute the Court's findings of fact and

conclusions of law.

B.      As set forth in the certificate of service filed with this Court, notice of the Motion

has been given in accordance with Sections 102(1) and 363 of the Bankruptcy Code, Federal

Rules of Bankruptcy Procedure 2002, 6004, 9006, 9007 and 9008, the local rules of this Court.

The foregoing notice constitutes good and sufficient notice of the Motion and no other or further

notice with respect to such matters is necessary or shall be required.

C.      A reasonable opportunity has been afforded to any interested party to make a

higher or better offer for the Assets or to object and be heard regarding the Motion.

D.      Entry into the PSA and the consummation of the Sale contemplated thereby

constitute an appropriate exercise of the Trustee's business judgment and such actions are in the

best interests of the Debtor, the Estate, the Debtor's creditors and parties in interest.

E.      Based on the results of the Estate's marketing process, the Buyer made the highest

or otherwise best offer for the Property under the circumstances of this case.

F.      The purchase price under the PSA is fair and reasonable and is sufficient value for

the Property.

G.      The PSA and the transactions contemplated thereby were negotiated and are

undertaken by the Trustee and the Buyer at arm's length, without collusion and in good faith

within the meaning of Section 363(m) of the Bankruptcy Code.  As a result of the foregoing, the

Trustee and the Buyer are entitled to the protections of Section 363(m) of the Bankruptcy Code

---

[2]     To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To
the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

with respect to all aspects of the PSA.  No facts or circumstances warrant application of Section

363(n) of the Bankruptcy Code to the transactions contemplated by this Order or the PSA.

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** as set forth herein.

2.      The Sale is hereby approved, subject to the terms of this Order.

3.      The PSA is hereby approved, and the Trustee is authorized to enter into and

perform his obligations under the PSA in accordance with the terms thereof, and to take such

further actions as the Trustee deems necessary to affect the Sale.  The Buyer is authorized to

enter into and perform its obligations under the PSA in accordance with the terms thereof.  The

Buyer and the Trustee are authorized to make modifications to the PSA and documents related

thereto not materially inconsistent with the economic and other terms of the Sale, by mutual

agreement on or after the date of this Order.  The failure specifically to include any particular

provision of the PSA in this Order shall not diminish or impair the effectiveness of such

provision, it being the intent of this Court that the PSA be authorized and approved in its

entirety.

4.      In the event the Sale to the Buyer fails to close, the Trustee is authorized (but not

directed) to enter into an agreement substantially similar to the PSA with another bidder.  In the

event of a closing of any such sale to another bidder, such bidder shall be deemed the "Buyer"

for all purposes in this Order.

5.      The Court hereby approves the transfer of all of the Debtor's, the Estate's and the

Trustee's right, title and interest in and to the Property to the Buyer on the terms set forth in the

PSA, free and clear of all liens, claims, interests and encumbrances of any kind or nature,

including, without limitation, any claims based on successor, transferee or environmental

3

liability (collectively, "Interests") pursuant to Section 363(f) of the Bankruptcy Code. Effective upon the Closing Date and except as expressly provided in the PSA, all creditors and other interested parties who were provided notice of the Motion, are prohibited from (i) commencing or continuing in any manner any action or other proceeding, the employment of process, or any act (whether in law or equity, in any judicial, administrative, arbitral, or other proceeding) to collect or recover any Interest; (ii) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order with respect to an Interest; (iii) creating, perfecting, or enforcing any Interest; or (iv) asserting any right of subrogation of any kind with respect to an Interest, in each case as against the Buyer, any of its affiliates or subsidiaries, or any of their respective representatives, or any of their respective property or assets, including the Property. All Interests shall attach solely to the proceeds of the Sale with the same validity, priority, force, and effect that they now have as against the Property, subject to any claims and defenses the Trustee and the Debtor may possess with respect thereto.

6.      The provisions of this Order authorizing and approving the transfer of the Property free and clear of Interests shall be self-executing, and neither the Trustee nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate, and implement the provisions of this Order.

7.      On and after the Closing Date, the Buyer may, but shall not be required to, file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect, or otherwise notice any Interest that is extinguished or otherwise released pursuant to this Order. This Order constitutes authorization under all applicable jurisdictions and versions of the Uniform Commercial Code

4

and other applicable law for the Buyer to file UCC and other applicable termination statements with respect to all security interests in, liens on, or other Interests in the Purchased Assets.

8.      On and after the Closing Date, the Buyer may, but shall not be required to, file a copy of this Order in any filing or recording office in any federal, state, county, or other jurisdiction in which the Debtor is incorporated or has real or personal property, or with any other appropriate clerk or recorded with any other appropriate recorder, and such filing or recording shall be accepted and shall be sufficient to release, discharge, and terminate any of the Interests as set forth in this Order as of the Closing Date and to evidence the transfer of the Property to the Buyer pursuant to this Order and/or the PSA.

9.      The reversal or modification on appeal of the authorization provided herein to consummate the Sale and other transactions contemplated under the PSA shall not alter, affect, limit, or otherwise impair the validity of the Sale or such other transactions, unless such authorization and consummation are duly stayed pending such appeal.  The Buyer is a good faith purchaser within the meaning of Section 363(m) of the Bankruptcy Code and, as such, is entitled to, and is hereby granted, the full rights, benefits, privileges, and protections of Section 363(m) of the Bankruptcy Code.  The consideration provided by the Buyer for the Property under the PSA is fair and reasonable and shall be deemed for all purposes to constitute reasonably equivalent value, fair value, and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale and other transactions contemplated by the PSA may not be avoided, or costs or damages imposed or awarded, under Section 363(n) or any other provision of the Bankruptcy Code.

10.      The Sale Proceeds shall be subject to the compensation of the brokerage fee payable to 33 Realty at 3% of the purchase price for the Property.  At the closing of the Sale, the

Trustee is authorized and directed to pay the brokerage fee.  The Trustee is further authorized to

pay the following amounts, at closing, from the sale proceeds, subject to the express terms of the

Cash Collateral Order:

> (a)     all necessary and appropriate closing costs incurred and payable on account of or relating to the sale of the Property;

> (b)     all outstanding real estate taxes constituting a lien against the Property accrued or accruing through the date of the closing;

> (c)     all outstanding Postpetition Advances owed to the Lender, including interest thereon, made by the Lender to the Trustee through the date of closing, as authorized and required by paragraph 19 of the Cash Collateral Order;

> (d)     the full amount of the Trustee's statutory commission fee under Section 326 of the Bankruptcy Code, pursuant to paragraph 22 of the Cash Collateral Order, to be held by the Trustee pending approval of the statutory commission fee by further order of the Court;[3]

> (e)     the amount necessary to fund any remaining amount of the Carve-out under paragraph 22 of the Cash Collateral Order, and any amount of the Unsecureds Carve-Out under paragraph 22(e) of the Cash Collateral Order; and

> (f)     the balance of the sale proceeds to be paid to the Lender in partial satisfaction of the Lender's allowed POC.

11.    This Court retains jurisdiction, pursuant to its statutory powers under 28 U.S.C. §

157(b), to, among other things, (i) interpret, implement, and enforce the terms and provisions of

this Order, the PSA, and any amendments thereto and any waivers and consents given

thereunder, (ii) compel delivery of the Property to the Buyer, (iii) compel payment of the Sale

Proceeds by the Buyer, (iv) enforce the provisions set forth herein, and (v) enter any orders under

---

[3] As set forth in paragraph 22 of the Cash Collateral Order, the Trustee has agreed to contribute to the Unsecureds Carve-Out the Trustee Contribution Amount, which shall be comprised of $30,000 solely from the Trustee's commission earned pursuant to Bankruptcy Code section 326.

Sections 363 and 365 of the Bankruptcy Code with respect to any agreements the Buyer elects to have the Trustee assume and assign to the Buyer following the Closing Date.

12.     All time periods set forth in this Order shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006(a).

13.     Nothing contained in any other order entered in this case or any related proceeding subsequent to entry of this Order shall derogate from the provisions of the PSA or the terms of this Order.   To the extent of any such conflict or derogation, the terms of this Order shall govern.

14.     This Order shall be effective immediately upon its entry.   The 14-day delay periods set forth in Federal Rules of Bankruptcy Procedure 6004(h) and 6006(d) are hereby deemed waived.

Date: _____                     _____

                                                Hon. Jacqueline P. Cox